**Linhua SHEN; Xiaoming Dong, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–71853.

Agency Nos. A95–176–463, A78–112–603.

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 2005.\*\*

Decided June 10, 2005.

Dixon Wong, Pasadena, CA, for Petitioners.

CAC-District Counsel, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Gregory C.J. Lisa, U.S. DOJ, Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

MEMORANDUM\*\*\*

Linhua Shen, a native and citizen of the People's Republic of China (PRC), petitions for review on behalf of herself and her husband of a final order issued by the Board of Immigration Appeals (BIA) denying asylum, withholding of removal, and Convention Against Torture relief. She asserts she suffered religious persecution when police arrested her for worshiping in a private home, held her in jail for fifteen

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

days, and permitted her to be abused and tortured by other inmates.

An immigration judge (IJ) determined that Shen was not credible based on her demeanor and inconsistencies in her testimony. While we ordinarily "give special deference to a credibility determination that is based on demeanor," *Arulampalam v. Ashcroft,* 353 F.3d 679, 685 (9th Cir. 2003) (internal quotation omitted), the IJ offered no explanation for us to review. *See Martinez–Sanchez v. INS,* 794 F.2d 1396, 1400 (9th Cir.1986) (rejecting adverse credibility determination based on demeanor when the "record indicates nothing about petitioner's demeanor"). Moreover, the inconsistencies identified by the IJ do not bear on whether Shen was arrested and imprisoned on account of her religion. *See Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004). Rather, that fact was established by documentary evidence, admitted without objection or challenge, affirming that Shen was arrested and held in criminal detention for organizing an illegal missionary group. *See Al–Harbi v. INS,* 242 F.3d 882, 891 (9th Cir.2001) (noting "documentary evidence pertaining to the asylum applicant himself and to the events in which he was involved—can independently establish facts essential to the ... asylum claim"); *Zahedi v. INS,* 222 F.3d 1157, 1163 (9th Cir.2000) (noting "applicant may establish facts ... through the production of specific documentary evidence") (internal quotation omitted). Finally, State Department Reports corroborate Shen's claims, noting the PRC has "continued to restrict freedom of religion and intensified controls on ... unregistered churches," that authorities "detain citizens for political and religious reasons," and that "church leaders or adherents [are] harassed, and at times, fined, detained, beaten, and tortured."

Thus, Shen established past persecution and "is entitled to a presumption of a well-founded fear of future persecution." *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1135 (9th Cir.2004). We do not address whether Shen has a well-founded fear of future persecution, however, because the "Supreme Court has instructed that where the BIA has not made a finding on an essential asylum issue, the proper course of action for a court of appeals is to remand the issue to the BIA for decision." *Chen,* 362 F.3d at 621 (citing *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)). Accordingly, we "remand the claims for asylum, withholding of removal, and relief under the Convention Against Torture to the agency for such determination." *Id.* at 623.

**PETITIONS FOR REVIEW GRANTED; REMANDED.**